UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN CHAGNON,

                        Plaintiff,

      v.                                      1:11-CV-00254

JANE SCHMIDT, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Stephen Chagnon commenced the instant action seeking relief pursuant to Title III of the Americans with Disabilities Act (ADA) alleging that he is disabled and has encountered architectural barriers at Bank Café owned by Defendants Jane Schmidt and M&L Duffy, LLC. Defendants failed to timely answer the Amended Complaint and, as a result, a default was entered on February 9, 2012. Presently before the Court is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

        A Title III claim requires a plaintiff to establish that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA". Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2d Cir. 2008). "[A] failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable" constitutes discrimination under 42 U.S.C. § 12183(a)(2) and § 12182(b)(2)(A)(iv). Royal Atlantic Corp., 542 F.3d at 369. "[T]he plaintiff has the initial burden of production to show (1) that an architectural

barrier exists, and (2) that the proposed method of architectural barrier removal is 'readily achievable,' which means 'easily accomplishable and able to be carried out without much difficulty or expense'." 42 U.S.C. § 12181(9); Pascuiti v. New York Yankees, 87 F. Supp.2d 221, 226 (S.D.N.Y. 1999).

Plaintiff moves for a default judgment seeking injunctive relief requiring Defendants to make various wheelchair accessible alterations to their property.[1]  Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint associated with its liability. Cotton v. Slone, 4 F.3d 176,181 (2d Cir. 1993).  Here, the Amended Complaint alleges that: (1) Plaintiff suffers from a qualified disability because he is confined to a wheelchair; (2) Defendants' cafe is a place of public accommodation under 42 U.S.C. § 12181(7)(B); (3) Defendants own the cafe; and (4) Plaintiff was discriminated against because he could not gain access to the café due to his disability.  See 42 U.S.C. § 12183(a)(2); § 12182(b)(2)(A)(iv).  While the well-pleaded allegations satisfy the first two elements of the discrimination claim, Plaintiff fails to address whether his proposed modifications are readily achievable.  See Pascuiti, 87 F. Supp.2d at 226; see also 42 U.S.C. § 12181(9).  To establish that Defendants have violated the ADA, Plaintiff would have to suggest a plausible method to remove the architectural barrier that is readily achievable with costs that facially do not exceed their benefits.  See Pascuiti, 87 F. Supp.2d at 226; see also 42 U.S.C. § 12181(9).

For the forgoing reasons, Plaintiff's motion for a default judgment is DENIED.

**IT IS SO ORDERED.**

---

[1] Plaintiff proposes the following modifications:  (1) a wheelchair accessible entrance to the café; (2) lowering the counter; (3) installing wheelchair accessible door hardware in the restroom entrances and exits; (4) rearranging stall partitions, walls and doors to provide accessibility and maneuvering space for individuals with disabilities; (5) creating at least seventeen inches of depth clearance under the lavatory; (6) installing hand bars around an accessible toilet; (7) providing paper dispensers at a wheelchair accessible level; (8) providing adequate informational signage throughout the facility; and (9) providing general signage stating that accessible services are provided.

Dated: March 23, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge